UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISABLED PATRIOTS OF AMERICA,
INC, et al.,

        Plaintiff,                Case No.  04-74601

v.

                                    Magistrate Judge R. Steven Whalen

TAYLOR INN ENTERPRISES, INC.,

        Defendant.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES,
COSTS AND EXPERT'S FEES**

Plaintiffs brought this case under the Americans with Disabilities Act (ADA), 42 U.S.C. §12181, *et. seq.*  On August 11, 2005, the Court approved and entered a consent decree, dismissing the case with prejudice.  As part of the consent decree, the matter was referred to the undersigned "for the sole purpose of determining as to the entitlement to and amount of attorneys' fees and expert's fees, litigation expenses, and costs to be awarded Plaintiffs' counsel and expert as set forth in the Consent Decree and for entry of final judgment thereon."  The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636( c ).

Plaintiffs seek attorneys' fees for four lawyers (three out-of-state attorneys and one

-1-

local counsel), an expert witness fee, and costs, and have submitted an invoice totaling $22,110.97. Defendant argues that Plaintiffs are not entitled to "prevailing party" status, and therefore should not be awarded attorney fees and costs, or in the alternative that the requested fees are excessive, as to both the hourly rate and the total number of hours claimed.

## DISCUSSION

### Prevailing Party Status

The ADA, specifically 42 U.S.C. §12205, provides that a district court "in its discretion, may allow the prevailing party...a reasonable attorney's fee, including litigation expenses, and costs." To establish their eligibility for fees and costs, then, the Plaintiffs must first demonstrate that they are "prevailing parties." In *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), the Supreme Court noted that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." In *Texas State Teachers Assn. V. Garland Independent School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), the Court refined the definition of "prevailing party" as follows:

> "Thus, at a minimum, to be considered a prevailing party...the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."

In *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 604-605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Court reiterated the "change of legal relationship" test, adding that such change must carry some judicial *imprimatur*, not merely be the result of a defendant's voluntary conduct.

Significantly, *Buckhannon* recognized that consent decrees could form the basis of attorney's fees:

> "In addition to judgments on the merits, we have held that settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees. See *Maher v. Gagne*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980). Although a consent decree does not always include an admission of liability by the defendant,...it nonetheless is a court-ordered change in the legal relationship between the plaintiff and the defendant." (Internal quotation marks and citations omitted).

In the present case, the consent decree requires the Defendant to undertake remedial measures to conform to the ADA, thus giving Plaintiffs "at least some relief on the merits of [their] claim." *Hewitt v. Helm*. Under clear Supreme Court precedent, the consent decree imparts a judicial *imprimatur* to a change in the legal relationship between the parties.

The Defendant argues that because the Plaintiffs have not themselves received any tangible benefit, and because they have not shown that they will use Defendant's hotel in the future, they lack standing to request attorney's fees. This argument is without merit. The cases cited by Defendant, *e.g., Brother v. C.P.L. Investco, Inc.*, 317 F.Supp.2d 1358 (S.D. Fla. 2004) and *Rodriguez v. Investco, LLC*, 305 F.Supp.2d 1278 (M.D. Fla. 2004), involve situations where judgment was entered for the defendants based on issues of standing; in other words, the *defendants* were prevailing parties. Here, by entering into a consent decree, the Defendant has waived any defenses based on standing. In *United States v. Armour & Co.*, 402 U.S. 673, 681, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971), the Supreme Court held:

> "Consent decrees are entered into by parties to a case after careful negotiation has produced agreement on their precise terms. *The parties waive their right to litigate the issues involved in the case and thus save themselves the time,*

*expense, and inevitable risk of litigation.* Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with the litigation." (Emphasis added).

*See also Access 4 All, Inc. v. Grandview Hotel Limited Partnership*, 2006 WL 566101, *3 (E.D.N.Y. 2006) ("[B]y signing the Consent Decree, the Defendant implicitly waived its standing claim").

Accordingly, Plaintiffs will be considered prevailing parties, and thus entitled to seek attorneys' fees and costs.

## **Amount of Fees and Costs**

Under 42 U.S.C. §12205, any attorneys' fees awarded must be reasonable. As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987), the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors, including "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the

customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Doran v. Corte Madera Inn Best Western,* 360 F.Supp.2d 1057, 1061 (N.D. Cal. 2005).

Ultimately, the decision whether and in what amount to award attorney's fees is addressed to the court's discretion. 42 U.S.C. §12205; *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

## **The Hourly Rate**

In determining a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th cir. 2004). However, the court retains broad discretion to determine what constitutes a reasonable hourly rate. *Id.; Wells v. New Cherokee Corp.*, 58 F.3d 233, 239 (6th Cir. 1995).

In the present case, attorneys Lawrence Fuller and John Fuller (out-of-town counsel) and Henry Langberg (local counsel) are all seasoned litigators with extensive experience and expertise in ADA cases. They seek an hourly rate of $325.00. In another ADA case in this District, Fuller, Fuller & Associates were awarded fees at the rate of $325 per hour. *Betancourt v. 3600 Centerpoint Parkway Investments, LLC*, Docket No. 03-72868. In yet another, the Fuller law firm was given $300 per hour. *Disabled Patriots of America v.*

-5-

*Romulus Nights, Inc.*, 2005 WL 3132206 (E.D. Mich. 2005). In the Southern District of New York, the rate was $350 per hour. *Access 4 All, Inc. V. HI 57 Hotel, LLC*, 2006 WL 196969 (S.D.N.Y. 2006).[1] Defendant, on the other hand, cites statistics from 2000 indicating that the 95th percentile rate for civil rights litigation was $240 per hour, and the 50th percentile was $183 per hour.

Given the experience and skill level of Messrs. Fuller and Langberg, it would not be unreasonable to place them in the 95th percentile of fees. Adjusting Defendant's six-year-old figures for inflation, the hourly rates established in the *Betancourt* and *Romulus Nights* cases are not out of line with what can be considered an acceptable and customary range. Accordingly, this Court determines that a reasonable hourly rate for Mr. Langberg and the Fullers is $300.

Plaintiff valuates the services of attorney Tracie L. Dickerson, who has been employed with Fuller & Fuller since June of 2004, at the rate of $240 per hour, for 1.9 hours of work. Ms. Dickerson's resume, which is appended to Plaintiff's Application, reveals an impressive academic background, but in the Southeastern Michigan market, $240 per hour for an attorney who has been a member of the bar for less than two years is high. With due regard for Ms. Dickerson's potential as a lawyer, a reasonable hourly rate for her work in this case is $150.

---

[1] In *Pascuiti v. New York Yankees*, 108 F.Supp.2d 258, 266-67 (S.D.N.Y. 2000), the court indicated that fees ranging from $250 to $325 were reasonable for "seasoned civil rights litigators," depending on the size of the law firm.

With respect to expert witness Dave Pedraza, Plaintiff seeks fees at the rate of $175 per hour. In *Romulus Nights, supra*, the Court awarded expert architect fees for Mr. Pedraza's services at that rate, but with little analysis, other than noting that "[t]he Court assumes that architects charge widely varying rates for what appears to be similar work, presumably because the quality of that work also varies widely among members of the profession." However, a perusal of Mr. Pedraza's resume reveals that he is not, in fact, a licensed architect; rather he is a certified general contractor.[2] Thus, the *Romulus Nights* court appears to have based its award of $175 per hour on an erroneous premise. Although Mr. Pedraza does appear to have extensive experience in construction, particularly as it relates to modification of existing buildings to accommodate disabled individuals, he does not have either an undergraduate or an advanced degree of any kind. While that fact certainly does not disqualify him as an expert, it does raise a question as to whether he is entitled to an hourly rate $25 per hour higher than that awarded to Ms. Dickerson, a licensed attorney. This Court finds that a more reasonable hourly rate for Mr. Pedraza is $100.

Finally, Plaintiff valuates paralegal time at $75 per hour. The median salary for a paralegal in Detroit, Michigan is $45,521 per year, or approximately $22 per hour.[3] Adding another 33 percent for non-salary benefits would bring the rate to about $30 per hour. The

---

[2] Mr. Pedraza is certified as a contractor by the State of Florida, and is president and Registered Agent of ADA Compliance Team, Inc., which he describes in his resume as "a corporation dedicated to the removal of architectural barriers for the disabled."

[3] *See* http://swz.salary.com. The median paralegal salary in the Miami, Florida area, where the Fuller law firm is based, is $41,152, or approximately $20 per hour.

Court therefore sets $30 per hour as a reasonable rate for the paralegal in this case.[4]

**Number of Hours Expended**

Plaintiff claims attorney and expert time as follows:

–John Fuller            4.9 hours

–Lawrence Fuller:    36.8 hours

–Henry Langberg:    7.9 hours

–Tracie Dickerson:   1.9 hours

–Paralegal:              2.0 hours

–Dave Pedraza:       34.5 hours

The Court finds the hours claimed by Mr. Langberg, Ms. Dickerson and the Paralegal to be reasonable. However, the hours claimed by John Fuller, Lawrence Fuller and Dave Pedraza are excessive. Several factors support that conclusion.

The Fuller law firm is counsel of record in at least 41 ADA cases filed in the Eastern District of Michigan. Of those, at least 30 were brought by the same Plaintiffs as the present case: Disabled Patriots of America, Inc. And Efrem Walker. Fuller, Fuller & Associates has filed numerous ADA actions in other districts as well. *See Access 4 All, Inc. V. Grandview Hotel, supra* at *4 (noting that "Fuller, Fuller & Associates have pursued dozens of Title III actions against various hotels in federal courts throughout New York, New Jersey,

---

[4] In *Doran v. Corte Madera Inn, supra*, the court found that what was essentially clerical work performed by legal assistants "should be included in attorney billing rates as overhead to run the office, not recoverable in a motion for attorney fees." 360 F.Supp.2d at 1062.

Massachusetts, and D.C."); *Access 4 All, Inc. V. HI 57 Hotel, supra* at *3 ("Fuller, Fuller & Associates has represented plaintiffs in at least 92 [ADA] actions over the past two years"). Of course, the extensive experience of Fuller and Fuller is one factor justifying an hourly rate of $300. However, that experience also suggests that the Fullers would be able to prosecute this fairly routine ADA case with a considerably lower expenditure of time than would a rookie. As the court noted in *Brother v. Miami Hotel Investments, Ltd.* 341 F.Supp.2d 1230, 1236 (S.D. Fla. 2004), "If [plaintiff's counsel] is as good as he says he is, he should have been able to litigate this unexceptional case by utilizing the formulaic approach that served him so well in all the similar cases he handled[.]" Indeed, the complaints Fuller, Fuller & Associates have filed in the other 30 cases in this District in which Disabled Patriots of America, Inc., is the plaintiff are in all respects identical, with the exception of the specific ADA violations set forth, and even those violations–many of which are common to several complaints–are described in formulaic, boilerplate-type language.[5] Further, the fact that the attorneys represent the same clients in all 30 cases, and that all the individual Plaintiff really did was check into a hotel and check out an hour later, casts doubt on the claims for numerous telephone conferences with clients.[6] In *Access 4 All, Inc. V. Grandview Hotel,*

---

[5] John Fuller claims a total of 3.8 hours between 8/16/04 and 9/28/04 for twice reviewing the expert's report, talking with his client and preparing the Complaint. In *Doran v. Corte Madera, supra*, the court, noting that counsel had filed about 73 other ADA suits, awarded ½ hour for filing the complaint.

[6] It is difficult to discern the precise time claimed for client conversations, since the voucher bundles those with other tasks.

*supra*, at *4, the court reduced the requested fees of Fuller, Fuller & Associates where its client was "the same individual who served the firm as Plaintiff in at least fifteen (15) virtually identical Title III lawsuits."

The hours billed by the Fuller law firm not only appear to overlap with time that would necessarily be spent in the 30 other Disabled Patriots cases, but a number of specific items within this case are redundant. For example, John Fuller claims .8 hours on August 20, 2004 for reviewing title and ownership documents. Those documents were previously reviewed by the paralegal, who claims .9 hours on August 18, 2004. Further, Mr. Pedraza billed for "verification of property identification and owner" on August 16, 2004.

In addition, many of the items claimed by Lawrence Fuller, such as preparation of routine discovery requests and other documents, would be common to all of the other ADA suits filed in this Court, and either the paralegal or Ms. Dickerson could have simply adapted these items to the present case, at considerably lower cost. *See Doran, supra*, 360 F.Supp.2d at 1062, where the court found "the tasks to be duplicative, tasks that could easily be accomplished by paralegals and, for the most part, tasks that had already been accomplished in prior litigation and were merely copied or adapted for this case."[7]

Fuller, Fuller & Associates has thus benefitted from an economy of scale. While the firm is deserving of a reasonable fee, it is not entitled to a windfall at the Defendant's

---

[7]The Complaint in this case, filed on November 23, 2004, was not the first one Fuller, Fuller & Associates filed in this District. These attorneys filed 18 similar ADA suits in this Court before this date, and filed three others on the same date.

expense.[8] *See Coulter v. State of Tennessee, supra*, 805 F.2d at 149 ("Legislative history speaks of 'fees which are adequate to attract competent counsel, but which do not produce windfalls,'..and cautions against allowing the statute to be used as a 'relief fund for lawyers'")(internal citations to Congressional Record omitted).

In my view, Lawrence Fuller and John Fuller seek compensation for an excessive number of hours. Where this occurs, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations omitted). This method is preferable here, particularly given the ambiguities in the invoice which arise out of the bundling of otherwise discrete tasks.

John Fuller claims 4.9 hours and Lawrence Fuller claims 36.8 hours, for a total of 41.7 hours. At the rate of $300 per hour, this comes to $12, 510. In the exercise of the Court's discretion, and for the reasons stated, that amount will be reduced by 40%, to $7,506. Having found the hours claimed by attorney Dickerson (1.9 hours @ $150) and the paralegal

---

[8]Defendant notes that he is a local businessman who is solely responsible for all improvements to his hotel, as well as attorney fees, and that even prior to the lawsuit, he unsuccessfully attempted to borrow construction money to bring his establishment into compliance with the ADA. While the Court is not unsympathetic to the plight of small business owners such as the Defendant, his ability to pay attorney fees is irrelevant to the question before this Court. *Goldstein v. Costco Wholesale Corp.*, 337 F.Supp.2d 771 (E.D. Va. 2004), cited by Defendant, is distinguishable because in that case, it was the victorious defendant who sought attorney fees from the plaintiff. Where a prevailing defendant in a civil rights case seeks attorney's fees from the plaintiff, a court must consider a number of factors that are not applicable where, as here, it is the plaintiff who prevails. *See Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

(2 hours @ $30) to be reasonable, the attorney fees awarded to Fuller, Fuller & Associates for time expended up to the entry of the consent decree is $7,851.

In addition, Plaintiff is entitled to compensation for attorney time related to preparing and litigating the question of attorney fees. In *Coulter v. State of Tennessee, supra,* 805 F.2d at 151, the Court held that the hours so expended should not exceed 3% of the total award for attorney hours in the underlying case where a settlement is attained.[9] Together, the fees recoverable for the lawyers at Fuller, Fuller & Associates and Mr. Langberg total $8,970. Plaintiff may recover 3% of that amount, or $306.63 for the attorney fee litigation.

Expert witness Dave Pedraza's hours are also excessive, as are costs associated with his reports. His two vouchers, dated August 16, 2004 and February 28, 2005, appear to cover substantially the same work. The Court sees no reason why two inspections were necessary. Furthermore, Fuller, Fuller & Associates, who routinely retain Mr. Pedraza as an expert, filed four other ADA lawsuits in this District on the same date or within a week of the day this case was filed. Travel and other expenses associated with Mr. Pedraza's inspection could and should be spread among those several cases.[10] The Court will therefore allow payment

---

[9] In *Disabled Patriots v. Romulus Nights, supra,* the court added costs and expert fees to attorneys' fees in calculating the 3% amount. This equation is broader than that sanctioned in *Coulter*, where the Sixth Circuit addressed only the calculation of attorney time. Under *Coulter*, the 3% figure should be based only on the total amount of attorneys' fees awarded in the underlying case, excluding costs and expert's fees.

[10] In addition, Lawrence Fuller seeks costs for his own travel to Michigan to accompany Mr. Pedraza on his inspection. There is no reason that local counsel could not have done this.

only for Mr. Pedraza's February 28, 2005 voucher (20 hours) at the rate of $100 per hour, for a total of $2,000.

Apart from Mr. Pedraza's claimed fees, the other client costs are for the most part for photocopying, faxing and courier service.[11]  Reasonable costs chargeable to the Defendant will be set at $500.

## **CONCLUSION**

Plaintiffs' Application for Attorneys' Fees, Costs, and Expert's Fees [Docket #20] is therefore GRANTED IN PART, as follows:

| | |
|---|---|
| Attorneys' Fees, Fuller, Fuller & Associates: | $7,851.00 |
| Attorney's Fees, Henry Langberg: | $2,370.00 |
| Attorneys' Fees for Fee Petition (3%): | $   306.63 |
| Expert Fees, Dave Pedraza: | $2,000.00 |
| Costs: | $   500.00 |
| **TOTAL AWARD:** | **$13,027.63** |

Final judgment for fees and costs shall enter for Plaintiffs in the amount of thirteen-thousand twenty-seven dollars and sixty-three cents ($13,027.63).

SO ORDERED.

---

[11]The items also include an "Open/Close File Charge" of $175 and a "Re-Inspection Fee(s) to disability group" of $750.  These are "soft" expenses that will not be charged to the Defendant.

                        S/R. Steven Whalen
                        R. STEVEN WHALEN
                        UNITED STATES MAGISTRATE JUDGE

Dated: March 27, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 27, 2006.

                        S/Gina Wilson
                        Judicial Assistant